

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

WAYNE BURKHART,                )
                               )
vs.                            ) Case No.: 03-23 0114
                               )
DAVID RAUSCH AND               )
RICHARD MONTGOMERY,            )
                               )
    DEFENDANTS.                )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction

This is a civil complaint filed by Wayne Burkhart, a former State of Tennessee prisoner, for declaratory and injunctive relief under 42 U.S.C. § 1983, alleging violation for the Ex Post Facto Clause of the United States Constitution by placing him under the Tennessee Sex Offender Registry Act (TSORA) in violation of the Eight Amendment and Fourteenth Amendment of the United States Constitution.

### Jurisdiction

1. The Court has jurisdiction over the Plaintiff's claims of federal constitutional rights under 42 U.S.C. §§ 1131(1) and 1343.

### Statement of the Claim

2. Plaintiff hereby avers that David Rausch, Director of the Tennessee Bureau of Investigation and Richard Montgomery, Chairman of the Tennessee Board of Parole are acting under the color of state law and in their official capacities, are presently violating Plaintiff's rights

1

as guaranteed under the Eighth Amendment and Fourteenth Amendment of the United States Constitution and the Ex Post Facto Clause by placing him under the Tennessee Sex Offender Registry Act which was enacted after his crimes were committed and by placing him on probation/parole after the expiration of his sentence.

*Parties*

3. The Plaintiff was previously incarcerated within the Tennessee Department of Correction on conviction when he was placed under the TSORA as related to this case.

4. Defendant David Rausch is the Tennessee Bureau of Investigation for the State of Tennessee and is responsible for the enforcement of the TSORA of the State of Tennessee. He is sued in his official capacity.

5. Defendant Richard Montgomery is the Chairman of the Tennessee Board of Parole and is responsible for the decisions and actions of the Tennessee Board of Parole. He is sued in his official capacity.

*Facts*

6. The Plaintiff was convicted of three counts incest in 11 May, 2005, and three counts of aggravated child abuse and eleven counts of rape in August, 2007, and where he served a total sentence of 17 years. He was placed under the TSORA for community supervision for life after release from incarceration on June 9, 2022.

7. Upon his release, Plaintiff was placed under parole by Defendant Richard Montgomery.

8. After his release on June 9, 2022, the Plaintiff under interstate compact agreement between Tennessee and Idaho, immediately traveled to his residence in Slagle, Idaho where his is presently residing.

9. After arrival in Idaho, the Plaintiff reported to his assigned probation officer with the Idaho Department of Correction. He was informed by Daniel Lorden, his probation officer that Tennessee had the Plaintiff listed as being on parole. Plaintiff explained that he was not on parole, but had expired his sentence.

10. Defendant Montgomery is unconstitutionally enforcing the law as applied to the Plaintiff because the Plaintiff has expired his sentence and is no longer "in custody" as being applied to him under parole conditions which are more restrictive than community supervision.

11. In essence, the Defendant has placed the Plaintiff on "parole" for life. Application of such a law is punitive as opposed to civil as applied to him.

12. Plaintiff is suffering actual injury in fact because the State of Idaho is applying the conditions of parole upon the Plaintiff which is restrictive on him securing employment, operating his established pilot car business, attending civic activities, leaving the state, and having access to the internet as a result of Defendant Montgomery's actions.

13. Defendant David Rausch is maintaining the Plaintiff on the Tennessee Sex Offender Registry even though he is not a resident of Tennessee.

14. Defendant Rausch's actions directed at the Plaintiff is used only for the shaming and reputational injury. Having the Plaintiff listed on the TSOR is in no way protecting the public. It is only punitive in nature and in violation of Plaintiff's constitutional rights.

### *Exhaustion of Administrative Remedies*

15. There are no administrative remedies available pertaining to the claims.

### *Claims for Relief*

16. The actions of the Defendant Richard Montgomery is deliberate and maliciously listing the Plaintiff as being on parole when he has expired his entire sentence is a violation of the Eighth

3

and Fourteenth Amendments of the United States Constitution and is also cruel and unusual punishment under the Constitution.

17. The actions of the Defendant David Rausch in maliciously maintaining the placement of the Plaintiff under the TSORA is a violation of the Eight and Fourteenth Amendments of the United States Constitution.

*Requested Relief*

1. Issue a declaratory and injunctive order whereby this Court orders:

    A. Defendant Richard Montgomery removes the Plaintiff from parole and notifies the State of Idaho immediately that Plaintiff is not on parole.

    B. Defendant David Rausch to immediately remove the Plaintiff from the TSORA public registry since he is listed on the State of Idaho Sex Offender Registry.

2. Order directing the Defendant to pay all attorney fees and court costs associated with this Complaint.

3. Grant such other relief as it may appear that Plaintiff is entitled.

Respectfully submitted on this the __29__ day of __January__, 2022.

_____
Wayne Burkhart
22 E Dufort Road
Slagle, ID 83860

Wayne C. Burkhart sr
22 E Oxford Rd
Sagle Id. 83860

RECEIVED
FEB 07 2023
U.S. District Court
Middle District of TN

Lynda M Hill
Clerk of Court
US District Court
719 Church St Suit 1300
Nashville Tn. 37203



SPOKANE DPDC 992
WED 01 FEB 2023 PM